UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HOWARD SOLOCHEK & WEBER SC, <br><br> Appellant, <br><br> v. <br><br> TODD A. BRUNNER and <br> SHARON Y. BRUNNER, <br><br> Appellees. | Case No. 12-CV-614-JPS <br><br><br> ORDER |

Appellant Howard Solochek & Weber SC, ("HSW") filed this appeal from an order of the bankruptcy court, presenting the sole issue of whether the bankruptcy court committed reversible error by denying its application for interim compensation and reimbursement of expenses ("Application"). As explained below, this court concludes that the bankruptcy court did not abuse its discretion in denying HSW's Application, and is thus obliged to affirm the bankruptcy court's order.

1.  Background

Appellees Todd A. Brunner and Sharon Y. Brunner ("debtors") filed a voluntary Chapter 11 Petition on June 5, 2011. (Record on Appeal ("RA") Entry #1). On August 10, 2011, a committee of unsecured creditors was appointed; on September 23, 2011, the bankruptcy court entered an order authorizing the employment and retention of HSW as counsel to that committee, *nunc pro tunc* to September 6, 2011. (Docket #1-1, Doc #96; Docket #1-1, Doc #168). The order specified that HSW would be compensated in accordance with 11 U.S.C. §§ 330 and 331. (Docket #1-1, Doc #168 at 2).

On January 3, 2012, the United States Trustee ("Trustee") filed a motion to dismiss the case for cause. (RA Entry #265).

On January 25, 2012, HSW filed the subject Application, seeking fees and expenses for its services rendered from September 14, 2011, to December 31, 2011, which fees and expenses totaled $18,551.30. (Docket #1-7, Doc #303). The only objection to HSW's Application came from creditor Layton State Bank; it objected only to the use of its cash collateral for the payment of HSW's fees. (Docket #1-8, Doc #310).

HSW also submitted, on behalf of the Committee, an objection to Trustee's motion to dismiss. (Docket #1-8, Doc #333). HSW included in its objection the following argument regarding administrative claims:

> This Court should not dismiss this case, however, in the event the Court decides to dismiss this case, it should do so only upon the condition that all allowed administrative claims are paid prior to dismissal. To do otherwise would permit parties to come into a bankruptcy, use the process, and not pay for the use of the process. This would establish an undesirable policy going forward.

(Docket #1-8, Doc #333 at 5). The Court held evidentiary hearings on multiple pending motions on February 21, 2012, February 23, 2012, March 12, 2012, and April 2, 2012. (RA Entries #346, 347, 356, 374).

During the April 2, 2012 hearing, the bankruptcy court rendered an oral decision granting Trustee's motion to dismiss and denying HSW's Application. (Docket #3). Explaining its decision to dismiss, the bankruptcy court noted debtors' "cavalier attitude of failing to accurately provide information," and their "failure to fully comply with court orders." (Docket #3 at 8). The court further noted that "the history of this case has been a constant conflict. The parties acknowledge that. They haven't been able to

work together at all." (Docket #3 at 10). In assessing the known claims, the bankruptcy court noted that the unsecured creditors committee's claim total was approximately $2,645,000.00; the court also noted that several federal, state, and local government departments have priority claims, including a claim from the City of Milwaukee for "a huge amount over a million dollars." (Docket #3 at 11-12). The court explained that "the chances of even going into either a [Chapter] Seven or an Eleven, do not look very promising for the General Unsecured Creditors." (Docket #3 at 12). The court acknowledged that one effect of dismissal would be to return some property "free and clear" back to the debtors. (Docket #3 at 12). Despite its reluctance to return the property, the court stressed that there was no "perfect answer" to the case, but that despite there being no "perfect solution," dismissal was the best option, considering the multitude of factors of the case. (Docket #3 at 14-15).

As to the Application, the bankruptcy court provided the following analysis:

> Unsecured Creditors Committee, Mr. Solochek pointed out that if this Court dismisses this case, please reserve a certain amount for his attorney's fees, the Unsecured Creditor's Committee. I can't do that, Mr. Solochek. I found the case exactly on that point. It's called *Berwick [] Black [Cattle] Company*, 405 BR 907, Bankruptcy out of the Central District [of Illinois], 2009, by Judge Perkins. He pointed out that a credit – a Court cannot protect unsecured administrative claimants if a case is dismissed. And he stated, that with respect to unpaid administrative claims, while it is certainly unfortunate, if any attorney or claimant – other claim is not paid, that's a possibility well know[n] to experienced parties, such as you, Mr. Solochek as counsel for the Creditor's Committee. And it's unfortunate[], but sometimes these services are rendered, as he

> says in his decision, on the come. And it's a sad result. It isn't that I didn't wanna do it for you, I just can't do it.
>
> . . .
>
> Now, unfortunately for you, Mr. Solocheck, this ruling [granting dismissal] renders moot the – your motion regarding the making a finding for attorney's fees. It's out the window, so it's a moot issue at this point, because the case is being dismissed.

(Docket #3 at 16-17 (emphasis added)). On April 3, 2012, the bankruptcy court entered a written order reflecting its decision. (Docket #1-9, Doc #372). The order states only that "On April 2, 2012, the Court set forth its findings of fact and conclusions of law fully on the record," and that the Application is denied. (Docket #1-9, Doc #372).

HSW filed a motion for reconsideration, distinguishing the case Judge Shapiro cited, *In re Berwick Black Cattle Co.*, 405 BR 907 (Bankr. C.D. Ill. 2009). (Docket #1-10, Doc #379). The bankruptcy court denied the motion for reconsideration via written order dated April 25, 2012. (Docket #1-11, Doc #381). The order states that Federal Rule of Civil Procedure 60 specifies grounds for which a court may reconsider an order, and that HSW does not argue any of those grounds. The order also emphasizes *Berwick*'s applicability to the facts of this case, thus rejecting HSW's argument that *Berwick* is materially distinguishable. HSW filed its notice of appeal with the bankruptcy court, followed by its Appellant Brief in this court. (Docket #1, Entry #383; Docket #4). Appellees did not file a brief in response.

2.  Standard of Review

This court has jurisdiction to hear an appeal of a bankruptcy court's order under 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8001(a). A bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law

are reviewed *de novo. In re Smith*, 286 F.3d 461, 464-65 (7th Cir. 2002). A bankruptcy court's decision to approve or deny attorneys' fees is reviewed for abuse of discretion. *In re Bertola*, 317 B.R. 95, 99 (B.A.P. 9th Cir. 2004). To show an abuse of discretion, HSW must show that "no reasonable person could agree with the court; if reasonable persons could disagree as to the propriety of the court's action there is no abuse of discretion." *In re Chicago, Milwaukee, St. Paul & Pac. R. Co.*, 78 F.3d 285, 294 (7th Cir. 1996) ("*Chicago*") (citation omitted).

3. Analysis

HSW's Appellant Brief takes two positions. First, HSW maintains that the bankruptcy court had the power to award fees, and that such an action was appropriate in this case, as distinguishable from the facts of *Berwick*. Appellant Brief at 7, 8-10. Second, HSW offers a policy argument that the outcome in this case will have negative repercussions because it will discourage counsel from serving as committee counsel for fear of being uncompensated for their work. Appellant Brief at 10-11.

Addressing the policy argument first, the court cannot agree that HSW shows an abuse of discretion. HSW argues that not allowing counsel for committees to recoup fees and expenses will discourage counsel from taking on committee clients, and that it could lead to abuse by debtors who seek to avail themselves to the bankruptcy process without paying attendant administrative costs. Appellant Brief at 10-11. These are the exact arguments HSW presented to the bankruptcy court. (Docket #1-8, Doc #333 at 5; Docket #1-10, Doc #379). Judge Shapiro, with his vast knowledge of the bankruptcy court, considered and rejected these arguments, concluding that occasional denial of attorney's fees is part and parcel to bankruptcy practice. HSW

directs this court to nothing in the record showing that "no reasonable person could agree" with his analysis of this issue. *Chicago*, 78 F.3d at 294. Indeed, as proven by the *Berwick* case, at least one bankruptcy judge in the Seventh Circuit has reached a similar conclusion in a similar case. The court does not believe it prudent to disturb the bankruptcy court's judgment based on a policy argument in this instance.

Returning to HSW's primary argument, the court concludes that HSW has not shown that the bankruptcy court abused its discretion. First, a review of *Berwick*. In that case, the bankruptcy court in the Central District of Illinois dismissed debtors' Chapter 11 case. 405 B.R. 909. As part of the debtors' motion to dismiss, the Official Committee of Unsecured Creditors noted that there existed $280,000.00 in administrative claims, which would go unpaid upon dismissal of the case. *Id.* at 914. The Committee argued that denying their fees would be inequitable, considering that debtors' attorneys had received a large amount of fees throughout the case. *Id.* The court nonetheless dismissed the case and denied payment of the administrative claims, explaining:

> With respect to unpaid administrative claims, while it is certainly unfortunate if any attorney or other claimant is not paid, that possibility is well known to experienced parties, such as counsel for the Committee. It is not infrequent that such services are rendered "on the come," at least in part. Counsel for the debtors and counsel for the committee have both enjoyed the benefits and suffered the detriments of the deals they agreed to. There is nothing inherently unfair about that. While dismissal would eliminate the estate as a source of recovery of the fees charged by the committee's attorneys, it would also eliminate a large claim that could adversely affect the potential recovery by the debtors' prepetition creditors.
Page 6 of 9

*Id.* (capitalization altered). Here, the bankruptcy court cited *Berwick* for two propositions. First, that dismissal of a case leaves unsecured administrative claimants unprotected. This is because dismissal "eliminate[s] the estate as a source of recovery." *Id.* And second, the court cited *Berwick* for the idea that practitioners should be aware of the risk of representing committees in bankruptcy proceedings.

This second point is worthy of a short discussion. While this fact pattern appears to occur rarely, in addition to *Berwick*, the court's research yielded several bankruptcy cases wherein counsel is denied fees upon dismissal, or even required to disgorge awarded interim fees upon conversion to Chapter 7. One example, from the District of Montana, closely resembles the facts of the current case, and the facts of *Berwick.* In *In re Kimble*, the debtor filed a voluntary Chapter 11 case, an unsecured creditors committee was convened, and the court subsequently determined that the case should be dismissed for cause. 96 B.R. 305, 308 (D. Mont. 1988). Counsel for the committee filed an application for fees and costs exceeding $20,000.00, and the court acknowledged that one result of granting dismissal is that committee counsel's fees would go unpaid. *Id.* Relatedly, in *In re Garnas*, the bankruptcy court for the District of North Dakota determined that debtor's counsel's fees would be reduced by 50%, where the case was ultimately dismissed without confirming a plan. 40 B.R. 140 (Bankr. D.N.D. 1984). The court explained, "While it is true that under the Code attorneys in bankruptcy practice are to be compensated at a rate commensurate with other fields of practice, *such does not amount to a guarantee* nor should it mean that compensation in bankruptcy cases should be awarded irrespective of the result." 40 B.R. at 142 (emphasis added). *See also Matz v. Hoseman*, 197 B.R.

635 (N.D. Ill. 1996) (disgorging Chapter 11 interim attorney's fees after conversion to Chapter 7); *In re NTG Industries, Inc.*, 118 B.R. 606 (N.D. Ill. 1990) (awarding interim fees to committee counsel in Chapter 11, subject to disgorgement on conversion to Chapter 7). Committee counsel's risk of nonpayment is substantial enough that the Collier Handbook for Creditors' Committees recommends caution. Irving Sulmeyer and David S. Kupetz, 2011 *Collier Handbook for Creditors' Committees* ¶ 19.04 (Matthew Bender). After reviewing relevant cases on attorneys' fees for committee counsel, the handbook provides the following summary:

> The lesson of the above cases is straightforward. While an official chapter 11 committee has the right and power to employ professionals, it may, as a practical matter, be unable to find professionals willing to be employed when substantially all of the assets of an estate are encumbered or subject to a superpriority claim. Absent the consent of the secured creditor or creditors, few professionals will accept employment by a committee except on a contingent fee basis which recognizes in advance the risk of nonpayment and provides a method to compensate for such risk if payment becomes impossible.

*Id.* It is worth noting that HSW does not cite, and the court is unable to find, any authority holding that a bankruptcy court must award fees in these circumstances. Against a backdrop of cases underscoring the precariousness of fee awards for unsecured committee counsel, the court is obliged to conclude that HSW has not shown that "no reasonable person could agree" with the bankruptcy court's denial of its Application. *Chicago,* 78 F.3d at 294. As such, the court is unable to conclude that the bankruptcy court abused its discretion in this case.

   Accordingly,

IT IS ORDERED that the bankruptcy court's denial of HSW's Interim Application be and the same is hereby AFFIRMED;

IT IS FURTHER ORDERED that this appeal be and the same is hereby DISMISSED.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge